618 S.E.2d 423

### John Heath WHITE, Petitioner Below, Appellant,

v.

### William S. HAINES, Warden; Jerry Hainey; and Jim Rubenstein, Respondents Below, Appellees.

and

### John Heath White, Plaintiff Below, Appellant,

v.

### James Rubenstein; Evelyn Seifert; Karl Hoffman; Kandi Lloyd; Tony Balgo; and Prime Care Medical Services, Defendants Below, Appellees.

### No. 32190, 32194.

Supreme Court of Appeals of West Virginia.

Submitted: April 26, 2005.

Submitted: May 24, 2005.

Filed: July 7, 2005.

John Heath White, Moundsville, Pro Se.

Darrell V. McGraw, Jr., Attorney General, Charles Houdyschell, Jr., Senior Assistant Attorney General, Charleston, for the Appellees, William S. Haines, Jerry Hainey, James "Jim" Rubenstein, and Evelyn Seifert.

Justice DAVIS delivered the Opinion of the Court.

DAVIS, Justice.

The appellant herein and petitioner below, John Heath White (hereinafter referred to as "Mr. White"), appeals from two separate orders. In Case Number 32190, the Circuit Court of Randolph County, by order entered December 12, 2003, dismissed Mr. White's complaint against the appellees herein and respondents below, William S. Haines,[1] Jerry Hainey,[2] and Jim Rubenstein[3] (hereinafter collectively referred to as "the respondents" or "the appellees"). In his complaint, Mr. White claimed that he had been sexually abused while he was incarcerated and alleged that the named respondents had failed to protect him from such attack. The circuit court, in dismissing Mr. White's complaint, found that he had failed to exhaust his administrative remedies before filing his civil cause of action as required by W. Va.Code § 25–1A–2(a) (2000) (Repl.Vol.2004) and that he had failed to state a claim upon which relief could be granted in accordance with 42 U.S.C. § 1983 (1996). On appeal to this Court, Mr. White complains that the circuit court erroneously found that he was required to exhaust his administrative remedies when W. Va.Code § 25–1A–2(c) expressly excepts claims of sexual abuse from such requirement; improperly found that he had not

---

1. William S. Haines was the warden of Huttonsville Correctional Center at the time of the incidents relevant to this appeal.

2. At the time of the events at issue herein, Jerry Hainey was the movement coordinator at Huttonsville Correctional Center; his responsibilities included making housing assignments for the facility's inmates.

3. James "Jim" Rubenstein was the Commissioner of the West Virginia Division of Corrections at the time of the incident underlying the instant appeal.

stated a claim upon which relief could be granted; and failed to liberally construe his pro se pleadings.

In Case Number 32194, Mr. White appeals from an order entered on September 9, 2003, by the Circuit Court of Marshall County. By the terms of that order, the circuit court dismissed Mr. White's complaint against the appellees herein and defendants below, James Rubenstein[4] and Evelyn Seifert[5] (hereinafter collectively referred to as "the defendants" or "the appellees").[6] In his complaint, Mr. White claimed that he had been denied adequate health care during his incarceration. The circuit court, in dismissing Mr. White's complaint, found that he had failed to exhaust his administrative remedies before filing his civil cause of action as required by W. Va.Code § 25–1A–2(a) (2000) (Repl.Vol.2004). On appeal to this Court, Mr. White complains that the circuit court erroneously found that he was required to exhaust his administrative remedies when, he claims, he has complied with the appropriate grievance procedures.

Based upon the similarity of the issues presented and the parties involved in these two appeals, this Court, by order entered June 22, 2005, consolidated both cases for purposes of rendering a decision therein. Upon a review of the parties' arguments, the record evidence, and the pertinent authorities, we reverse the December 12, 2003, decision of the Randolph County Circuit Court in Case Number 32190. Additionally, we reverse the September 9, 2003, decision of the Marshall County Circuit Court in Case Number 32194. Furthermore, we remand both matters for the appointment of counsel for Mr. White and for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history underlying each of the circuit courts' rulings will be set forth separately, as follows.

### A. Case Number 32190—Randolph County Sexual Abuse Proceeding

On or about August 8, 2000, Mr. White, who was then incarcerated at Huttonsville Correctional Center,[7] was allegedly beaten, while showering, by seven or eight other inmates and then raped and sodomized by approximately two or three of those inmates. Afterwards, Mr. White complained to prison officials about the incident and asked to be moved to a different dormitory within the prison because one of Mr. White's attackers was residing in the same dormitory in which he was then housed. He additionally complained in writing to each of the named respondents.[8] Approximately one month after he was attacked, Mr. White was moved to a different dormitory.[9]

Thereafter, on July 22, 2002, Mr. White filed a civil action in the Circuit Court of Randolph County, naming Mr. Haines, Mr. Hainey, and Mr. Rubenstein respondents thereto, alleging that they had failed to protect him from the above-described attack;

---

**4.** See *supra* note 3.

**5.** Evelyn Seifert was the warden of Northern Regional Jail and Correctional Facility at the time of the incidents relevant to this appeal.

**6.** Presumably, Mr. White's cause of action against the remaining defendants was not dismissed by the circuit court's ruling and is still pending before that court. The relationship of the remaining defendants to the instant case is as follows: Dr. Karl Hoffman is the President of Prime Care Medical Services of West Virginia, Inc.; Kandi Lloyd is a licensed LPN and is the Medical Administrator at Northern Regional Jail and Correctional Facility; Dr. Troy Balgo provides medical treatment to inmates at Northern under contract with that facility; and Prime Care Medical of West Virginia, Inc., is the medical services provider who has contracted with the Regional Jail and Correctional Authority to provide medical treatment for inmates at Northern.

**7.** Mr. White has been incarcerated since October 1998 on his convictions for the nonviolent offenses of forgery, uttering, and obtaining money under false pretenses.

**8.** It appears from the record that Mr. White's complaints were written in the form of letters rather than submitted on the facility's official grievance forms.

**9.** On or about June 14, 2002, Mr. White was transferred from Huttonsville Correctional Center to Northern Regional Jail and Correctional Facility.

refused to promptly move him to a dormitory in which none of his attackers were housed; and otherwise failed to respond to his complaints about the incident in violation of the constitutional provisions prohibiting cruel and unusual punishment[10] and 42 U.S.C. § 1983[11]. The respondents collectively replied to Mr. White's complaint by moving to dismiss based upon Mr. White's failure to exhaust his administrative remedies as required by W. Va.Code § 25–1A–2(a)[12] and failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure[13].

The circuit court reviewed the parties' arguments; considered the evidence submitted by Mr. White in support of his civil action; and entered its final order on December 12, 2003. Ruling in favor of the respondents, the circuit court found and concluded that, despite the language of W. Va.Code § 25–1A–2(c) permitting an inmate to file a civil action where past, current, or imminent sexual abuse has been alleged, Mr. White was nevertheless required to "prove that he exhausted the administrative remedies provided by the Department of Corrections" and that he "has failed to do so." Rather than filing grievances on the forms specifically designated therefor, the court found that Mr. White's "complaints [were] simply written in letter form. In addition, the letters included not just one complaint, but seemed to ramble on and reference several different issues." Accordingly, the court found that Mr. White had "failed to exhaust his administrative remedies within the Department of Corrections" and dismissed his action.

Additionally, the circuit court concluded that Mr. White had "not stated a claim upon which relief can be granted." In this regard, the court found that "[c]omplaints filed under 42 U.S.C. § 1983 must specifically outline the individual actions committed by each defendant which supposedly violated the plaintiff's constitutional rights." Instead, however, the court determined that Mr. White had

> generally asserted that he was "denied his statutory and constitutional rights" . . . [and] that he was "denied proper protection from harm," "denied proper help from administration," "harassed and retaliated against because of his grievance writing," "suffered mental and physical trauma" and was "forced to suffer because of the negligence of the [respondents]."

Finally, the court found that Mr. White's § 1983 action against the named respondents was improper insofar as neither they nor the State of West Virginia are "a 'person' within the meaning of 42 U.S.C. § 1983." Therefore, the circuit court also found dismissal to be proper based upon Mr. White's failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### B. Case Number 32194—Marshall County Health Care Proceeding

Mr. White states that he has been incarcerated at various correctional facilities in the State of West Virginia since 1998; he currently is housed at Northern Regional Jail and Correctional Facility (hereinafter referred to as "Northern"). During his incarceration, he has received medical care for his "severe acid reflux and irritable bowel syndrome" afflictions.[14] Before he was transferred to Northern, Mr. White had received prescription medications for these conditions

10. Both the United States and West Virginia Constitutions prohibit cruel and unusual punishment. *See* U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted.*" (emphasis added)); W. Va. Const. art. III, § 5 ("Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishment inflicted.*" (emphasis added)).

11. Pursuant to the relevant portion of 42 U.S.C. § 1983 (1996),

[e]very person who . . . subjects, or causes to be subjected . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

12. The text of W. Va.Code § 25–1A–2(a) (2000) (Repl.Vol.2004) is set forth in Section III, *infra.*

13. Rule 12(b)(6) of the West Virginia Rules of Civil Procedure permits a party to raise as a defense "failure to state a claim upon which relief can be granted."

14. Mr. White avers that he has been medically treated for these ailments since 1994.

and transported these medicines and his medical records with him when he was transferred to Northern.

Upon his arrival at Northern, Mr. White complains that he received only a cursory examination by a nurse who allegedly did not review his medical file. Approximately one week after his transfer, Dr. Balgo conducted a brief examination of Mr. White and renewed his prescription medications for ninety days. After the expiration of that prescription, Mr. White asked Dr. Balgo to renew his prior prescription. In response to Mr. White's requests, however, Dr. Balgo purportedly informed him that he did not have the ailments of which he claimed and that if he continued to experience discomfort, he could obtain a lower dose over-the-counter medication at the facility's commissary.

In response to Dr. Balgo's denial of his request for a prescription renewal, Mr. White started his grievance procedure by filing a G–1 grievance with Kandi Lloyd on December 12, 2002; Ms. Lloyd responded and denied the grievance on January 2, 2003. Mr. White next filed a G–2 grievance with Ms. Seifert on January 9, 2003; Ms. Seifert responded and denied the grievance on January 13, 2003. Thereafter, Mr. White filed an appeal with Mr. Rubenstein on January 17, 2003, which appeal was denied on February 6, 2003.

Having failed to receive a favorable response to his complaints, Mr. White again pursued the grievance process, filing a G–1 grievance with Ms. Lloyd on February 19, 2003, which Ms. Lloyd denied on February 25, 2003. Mr. White then filed a G–2 grievance with Ms. Seifert on February 27, 2003, which Ms. Seifert answered on March 7, 2003. In her response, Ms. Seifert informed Mr. White that he had an outstanding bill from the medical department regarding his receipt of the generic, lower strength medication recommended by Dr. Balgo. Subsequently, Mr. White filed an appeal to Mr. Rubenstein on March 10, 2003, to which he

received an unfavorable response on March 27, 2003.

As a result of his failure to obtain relief through the grievance process, Mr. White filed the underlying complaint against the named defendants [15] in the Circuit Court of Marshall County on March 13, 2003. In response to Mr. White's complaint, Mr. Rubenstein and Ms. Seifert jointly filed motions to collect filing fees; for further screening pursuant to the West Virginia Prisoner Litigation Reform Act, W. Va.Code § 25–1A–1, et seq.; and to dismiss Mr. White's complaint. Replying to the defendants' motions, Mr. White filed a response on April 23, 2003, attaching copies of his grievance documents and medical records in support of his claim for relief.

The circuit court reviewed the parties' arguments; considered the evidence submitted by Mr. White in support of his civil action; and entered its final order on September 9, 2003. Ruling in favor of the defendants, the circuit court found that Mr. White was required to pay filing fees in accordance with W. Va.Code § 25–1A–1, et seq.,[16] and directed the circuit clerk to collect such fees. The circuit court further determined that Mr. White had not shown "with any particularity that he has filed grievances concerning the matters of which he complains, in his complaint." In short, the court

> was unable to find where the Plaintiff had pursued a particular grievance through the required steps, up to and including, the Commissioner of Corrections.

> Although pro se Petitions for Writs are treated liberally by this Court and most Courts, there is no requirement that in actions for monetary damages, such as in this case, the Court is required to do "home-work" for the Petitioner.

> **Case No. 03–C–65M** is dismissed without prejudice for Plaintiff's failure to show that he has exhausted his administrative

---

15. *See supra* note 6.

16. Specifically, W. Va.Code § 25–1A–3(a) (2000) (Repl.Vol.2004) directs that "an inmate may not file with any court of this state a civil action

without the payment of filing fees as set forth in this section: Provided, That the collection of the full filing fee is not required before the inmate's claim may be filed and served."

remedies in the manner prescribed in the policy of Division of Corrections.[17]

(Citations omitted; footnote added).

From these adverse rulings of the Randolph County and Marshall County Circuit Courts, Mr. White now appeals to this Court.

## II.

## STANDARD OF REVIEW

■ Both of the rulings from which Mr. White now appeals involve the circuit courts' interpretation and application of a statutory provision to the facts of that particular case. We previously have held that a multifaceted standard of review should be applied to rulings of a circuit court. Thus,

> [i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

■ Furthermore, we accord plenary review to questions of law, including the interpretation of statutory provisions: "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to de novo review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995). *Accord* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from

the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review.").

■ Finally, in cases such as those underlying the instant appeals in which a circuit court has dismissed a complaint for failure to state a cognizable claim, we review de novo such rulings. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is de novo." Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). *Accord Conrad v. Szabo*, 198 W.Va. 362, 369, 480 S.E.2d 801, 808 (1996) ("We exercise plenary review over a circuit court's decision to grant . . . a motion to dismiss[.]" (citations omitted)).

With these standards of review in mind, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

The primary issue [18] presented for resolution by these consolidated appeals is whether the complaints Mr. White filed in his Randolph County and Marshall County civil actions satisfied the requirements of W. Va. Code § 25–1A–2 (2000) (Repl.Vol.2004) and, thus, should not have been dismissed by the respective circuit courts for failure to comply with such statutory language. Before this Court, Mr. White contends that he was not required to exhaust his administrative remedies before pursuing his claims in Randolph County because he alleged in that complaint that he had been sexually abused. Additionally, Mr. White represents that he fulfilled

---

17. In the Marshall County order, the circuit court also indicates that Mr. White has filed two separate causes of action concerning his allegations that he has received inadequate medical care during his incarceration at Northern. One case is the underlying matter filed in the Circuit Court of Marshall County; the other cause of action was filed in the Circuit Court of Kanawha County and has since been transferred to Marshall County. In rendering its ruling, the Circuit Court of Marshall County stated that "the two cases should be consolidated, but for this order which will dispose of this case in its entirety." Furthermore, as explained in note 6, *supra*, the

circuit court concluded that Mr. White's complaint against only defendants Rubenstein and Seifert would be dismissed by the terms of its order due to the court's ruling that Mr. White failed to exhaust his administrative remedies; presumably, Mr. White's cause of action against the remaining named defendants was not disturbed by the circuit court's decision.

18. Although the parties have raised additional issues, our disposition of these matters renders it unnecessary for us to address them. *See infra* notes 21 & 24.

the statutory requirements and exhausted his administrative remedies before he filed suit in his Marshall County health care action. The appellees in both appeals refute Mr. White's assertions and urge this Court to adopt the circuit courts' dismissals of Mr. White's lawsuits.

At the center of the instant controversies is the meaning and application of W. Va.Code § 25–1A–2 to the facts before us. In pertinent part, W. Va.Code § 25–1A–2 (2000) (Repl.Vol.2004) directs that

> (a) *An inmate may not bring a civil action until the administrative remedies promulgated by the [correctional] facility have been exhausted:* Provided, That the remedies promulgated by the facility will be deemed completed within sixty days from the date the inmate filed his or her initial complaint if the inmate fully complied with the requirements for filing and appealing the administrative complaint.

> . . . .

> (c) *Notwithstanding any other provision of this code, no inmate shall be prevented from filing an appeal of his or her conviction or bringing a civil or criminal action alleging past, current or imminent physical or sexual abuse;* if such a civil or criminal action is ultimately dismissed by a judge as frivolous, then the inmate shall pay the filing costs associated with the civil or criminal action as provided for in this article.

(Emphasis added). Before applying these provisions to the cases *sub judice*, however, we must first determine their meaning.

 When considering the meaning of legislative language, we have held that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975). Thereafter, "[o]nce the legislative intent underlying a particular statute has been ascertained, we proceed to consider the precise language thereof." *State ex rel. McGraw v. Combs Servs.*, 206 W.Va. 512, 518, 526 S.E.2d 34, 40 (1999). In this regard, "[j]udicial interpretation of a statute is warranted only if the statute is ambiguous[.]" Syl. pt. 1, in part, *Ohio County Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983). Thus, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951). *Accord* Syl. pt. 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."). *Cf.* Syl. pt. 1, *Farley v. Buckalew*, 186 W.Va. 693, 414 S.E.2d 454 (1992) ("A statute that is ambiguous must be construed before it can be applied.").

 A review of the statutory provisions at issue herein suggests that the language employed by the Legislature in enacting W. Va.Code § 25–1A–2 is plain and unambiguous. In subsection (a), the Legislature has clearly directed that "[a]n inmate may not bring a civil action until the administrative remedies promulgated by the [correctional] facility have been exhausted[.]" W. Va.Code § 25–1A–2(a). To further clarify the intended meaning of this provision, the Legislature has expressly defined the terms used in this directive. First, an " '[i]nmate' means any person confined in a correctional facility who is accused of, convicted of, sentenced for or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release or a diversionary program." W. Va.Code § 25–1A–1(c) (2000) (Repl.Vol.2004). Moreover, "civil action" is defined as

> any action or appeal from an action filed by any current or former inmate or his or her personal representative with respect to conditions of confinement, including, but not limited to, petitions for extraordinary writs, civil actions under 42 U.S.C. § 1983 and other federal and state laws and negligence actions. Actions that exclusively concern an inmate's sentence or conviction are not subject to the requirements of this article.

W. Va.Code § 25–1A–1(a). Lastly,[19] a "correctional facility" encompasses "any county jail, regional jail or any facility operated by the division of corrections, the West Virginia regional jail and correctional facility authority or division of juvenile services for the confinement of inmates." W. Va.Code § 25–1A–1(b). Considering the language of W. Va.Code § 25–1A–2(a) in light of these various definitions of the terms employed therein, we are left with but one construction of this statutory provision: before an inmate may bring a civil action challenging the conditions of his/her confinement, he/she must first exhaust the administrative remedies provided by the correctional facility in which he/she is housed. Accordingly, we hold that the plain language of W. Va.Code § 25–1A–2(a) (2000) (Repl.Vol.2004) directs that "[a]n inmate may not bring a civil action until the administrative remedies promulgated by the [correctional] facility have been exhausted[.]"

■ Likewise, we find the language of W. Va.Code § 25–1A–2(c) to be plain and unambiguous. In that provision, the Legislature directs that, "[n]otwithstanding any other provision of this code, no inmate shall be prevented from filing an appeal of his or her conviction or bringing a civil or criminal action alleging past, current or imminent physical or sexual abuse[.]" W. Va.Code § 25–1A–2(c). The language of this subsection, in clear and simple language, explicitly waives the exhaustion of administrative remedies requirement for cases in which the inmate is either appealing from his/her criminal conviction or in which the inmate is alleging physical or sexual abuse. There being no other plausible construction of this provision, we therefore hold that pursuant to W. Va.Code § 25–1A–2(c) (2000) (Repl.Vol.2004), an inmate who is "filing an appeal of his or her conviction or bringing a civil or criminal action alleging past, current or imminent physical or sexual abuse" is not required to first

exhaust the correctional facility's administrative remedies, as mandated in other cases by W. Va.Code § 25–1A–2(a) (2000) (Repl.Vol. 2004), before filing an appeal of his/her conviction or bringing a civil or criminal action alleging that he/she has been physically or sexually abused.

Having ascertained the meaning of the statutory language at issue herein, we now apply these provisions to the facts which led Mr. White to file his two causes of action.

### A. Case Number 32190—Randolph County Sexual Abuse Proceeding

In Case Number 32190, Mr. White filed a cause of action against the aforementioned prison officials complaining that he had been sexually abused by other inmates during his incarceration at Huttonsville Correctional Center and that the prison officials had not, in his opinion, properly addressed his concerns or provided for his personal safety following this incident. Despite Mr. White's allegations of sexual abuse in his complaint, the circuit court dismissed Mr. White's cause of action finding that he had failed to exhaust his administrative remedies before proceeding against the named respondents in circuit court. We find the circuit court's ruling to be erroneous.

As explained in the preceding section, W. Va.Code § 25–1A–2(a) requires an inmate to exhaust the correctional facility's administrative remedies before filing a civil cause of action regarding conditions of confinement. Nevertheless, cases such as this one that involve allegations of physical or sexual abuse are specifically excepted from this requirement by W. Va.Code § 25–1A–2(c). In other words, when an inmate asserts that he/she has been subjected to physical or sexual abuse, he/she does not have to exhaust the facility's administrative remedies before pursuing a cause of action in circuit court. Therefore, the Randolph County Circuit

---

**19.** Although "administrative remedies" have not specifically been defined by the Legislature, the procedures contemplated thereby are set forth in W. Va.Code § 25–1A–2(b), which provides, in pertinent part, that

> [t]he commissioner of the division of corrections and the executive director of the regional jail authority are authorized to establish administrative procedures for processing inmate

complaints concerning food quality, health care, nonviolent or nonsexual conduct of employees or contractors of the division of corrections or regional jail authority, loss of privileges and other general complaints about daily living conditions which do not directly and seriously concern an inmate's physical health or security. . . .

Court's contrary ruling was clearly wrong, and we reverse that ruling. We further remand this matter for further proceedings consistent with this opinion to consider the merits of Mr. White's lawsuit.

■ With respect to the merits of Mr. White's complaint, we are aware that, during both the litigation in the circuit court and the proceedings before this Court, Mr. White has been prosecuting his case pro se. While we ordinarily do not appoint counsel for, or direct that counsel should be appointed for, pro se litigants, the facts of this particular case warrant such assistance.[20] In this case, Mr. White has alleged conduct which, if proven to be true, is grievous not only from the perspective of unlawful and improper conduct by certain inmates against another inmate but also evidence the failure of prison officials to supervise inmates and their failure to respond to correct the conditions that may have precipitated this violence in the first instance. Moreover, the named respondents have raised a defense of qualified immunity which is a somewhat nebulous and complex legal theory for even the best litigator to advance or respond to, much less someone who has not been formally trained in the law. Accordingly, on remand, we direct the Circuit Court of Randolph County to appoint counsel to represent Mr. White during the litigation of the merits of Mr. White's cause of action alleging sexual abuse.[21]

### B. Case Number 32194—Marshall County Health Care Proceeding

■ In Case Number 32194, Mr. White filed a cause of action against the aforementioned prison officials complaining that he had been denied prescription medication and medical care by prison officials during his incarceration at Northern Regional Jail and Correctional Facility. After unsuccessfully pursuing various administrative grievances concerning his allegedly inadequate medical care, Mr. White filed a cause of action in the Circuit Court of Marshall County.[22] In dismissing his complaint, the circuit court determined that Mr. White had not exhausted his administrative remedies at Northern as required by W. Va.Code § 25–1A–2(a). Upon a review of the record in this case, we disagree with the circuit court's assessment of the evidence and ultimate conclusion.

As discussed previously, W. Va.Code § 25–1A–2(a) directs an inmate to first exhaust his/her correctional facility's administrative remedies before filing a civil action complaining about his/her conditions of confinement. Although certain exceptions to this requirement are set forth in W. Va.Code § 25–1A–2(c), none of those exceptions apply to the facts of this particular case. Therefore, in order for Mr. White to be permitted to file a civil cause of action to seek redress for the allegedly inadequate medical care he has received at Northern, he must first exhaust the administrative remedies provided by Northern and demonstrate that he has done so. Our review of the evidence in this case suggests that Mr. White has satisfied these prerequisites to the initiation of his lawsuit.

Contrary to the circuit court's conclusion, we find that Mr. White not once, but twice,

---

**20.** We have, however, appointed counsel for incarcerated inmates proceeding pro se in other cases in which we felt the party's interests would be better served thereby. *See, e.g., State ex rel. Fields v. McBride,* 216 W.Va. 623, 624 n. 1, 609 S.E.2d 884, 885 n. 1 (2004) (per curiam); *State ex rel. Williams v. Department of Military Affairs & Pub. Safety, Div. of Corrs.,* 212 W.Va. 407, 411, 573 S.E.2d 1, 5 (2002); *State ex rel. Anstey v. Davis,* 203 W.Va. 538, 543, 509 S.E.2d 579, 584 (1998); *State ex rel. White v. Parsons,* 199 W.Va. 1, 2, 483 S.E.2d 1, 2 (1996); *State ex rel. Massey v. Hun,* 197 W.Va. 729, 731, 478 S.E.2d 579, 581 (1996) (per curiam). *See also Wilson v. Hun,* 193 W.Va. 639, 640, 457 S.E.2d 662, 663 (1995) (per curiam) (counsel appointed by circuit court). *But see, e.g., Mugnano v. Painter,* 212 W.Va. 831, 833, 575 S.E.2d 590, 592 (2002) (per curiam)

(stating that "there is no requirement that a court, in every instance, appoint counsel" to represent a petitioner in a post-conviction habeas corpus proceeding).

**21.** Having determined that this case should be remanded for a consideration of the merits of Mr. White's complaint, we need not address the other assignments of error raised by the parties insofar as those matters will be addressed during the remand proceedings.

**22.** Mr. White has also filed a cause of action in the Circuit Court of Kanawha County which apparently raises similar concerns about the adequacy of the health care he has received during his incarceration but which case is not presently before this Court. *See supra* note 17.

exhausted his administrative remedies with respect to his complaints about the medical care, or lack thereof, he has received while incarcerated at Northern. He filed his first grievance regarding the facility's physician's refusal to renew his medication prescription on December 12, 2002. When that G-1 grievance was denied, he continued to appeal the adverse decision until he had finally appealed to the Commissioner of Corrections, which appeal ultimately was denied on February 6, 2003. Thereafter, Mr. White again complained about his perceived failure to receive adequate medical care by filing a new G-1 grievance on February 19, 2003. Upon a denial of that grievance, Mr. White again appealed the adverse ruling through the facility itself and to the Commissioner of Corrections, who denied the appeal of the subsequent grievance on March 27, 2003.

While Mr. White filed his cause of action regarding the adequacy of his medical treatment on March 13, 2003, before the Commissioner had denied his second grievance, this fact is not fatal to his pursuit of his lawsuit in the Marshall County Circuit Court. This is so because Mr. White had already exhausted his administrative remedies once before he filed his Marshall County action; in this respect, Mr. White exhausted his administrative remedies by filing a grievance on December 12, 2002, which grievance ultimately was denied by the Commissioner of Corrections on February 6, 2003, over one month *before* he filed his Marshall County complaint. Moreover, W. Va.Code § 25–1A–2(a) requires only that "the administrative remedies promulgated by the facility have been exhausted," not that such remedies be *twice* exhausted. Consequently, we find that the circuit court's dismissal of Mr. White's medical care complaint for failure to exhaust his administrative remedies was improper, and we reverse the circuit court's ruling. We further remand this matter for further pro-

ceedings consistent with this opinion to consider the merits of Mr. White's lawsuit.

 As for the merits of Mr. White's complaint, we are concerned in this case, as we were in the preceding matter, about his pursuit of the merits of his lawsuit without the assistance of counsel.[23] Like the Randolph County proceeding, the defendants in this case also have raised a defense of qualified immunity to Mr. White's claims. Additionally, allegations suggesting the denial of adequate medical care to incarcerated inmates, if proven true, are troubling considering the potentially injurious and life-threatening consequences such a pattern and practice might have on those prisoners denied such services. Accordingly, on remand, we direct the Circuit Court of Marshall County also to appoint counsel to represent Mr. White during the litigation of the merits of Mr. White's cause of action alleging inadequate health care.[24]

## IV.

## CONCLUSION

For the foregoing reasons, we reverse the December 12, 2003, order of the Circuit Court of Randolph County. Additionally, we reverse the September 9, 2003, order of the Circuit Court of Marshall County. Finally, we remand both matters to their respective circuit courts for the appointment of counsel for Mr. White and for further proceedings consistent with this opinion.

Case Number 32190—Reversed and Remanded. and Case Number 32194—Reversed and Remanded.

---

**23.** We reiterate that while we do not routinely appoint counsel for pro se parties, we have, on occasion, appointed counsel where the circumstances so warranted. *See supra* note 20.

**24.** As we stated with respect to Mr. White's Randolph County proceeding, we likewise conclude that our resolution of the Marshall County case

in this matter renders it unnecessary for us to consider the remaining issues raised by the parties insofar as those alleged errors pertain to the merits of Mr. White' lawsuit and will form the basis of the lower court's proceedings on remand.