## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Sanders Brown Jr.,**
**Plaintiff Below, Petitioner**

**FILED**

January 25, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1578** (Randolph County 11-C-24)

**Tristan Tenney, et al.,**
**Defendants Below, Respondents**

### MEMORANDUM DECISION

Petitioner Sanders Brown Jr., by Dana P. McDermott, his attorney, appeals the October 19, 2011, order of the Circuit Court of Randolph County dismissing his action pursuant to 42 U.S.C. § 1983. Respondents Tristan Tenney, Health Services Administrator, Dr. David Proctor, Medical Doctor and Huttonsville Correctional Center ("the respondent officials"), by Phillip C. Petty, their attorney, filed a response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The *pro se* Section 1983 complaint petitioner filed in the circuit court on February 25, 2011, conveyed his belief that he has "a vibration in my body that [feels] like a pager vibrating." As relief, petitioner sought to have the respondent officials arrange for diagnosis and treatment of the alleged condition, including an outside consultation, and unspecified compensatory and punitive damages.

Petitioner had abdominal surgery in 2005. After petitioner retained counsel, a supplemental pleading posited that "when the Petitioner had surgery in 2005/2006 while [in the custody of] Mt. Olive Correctional Complex,[1] something was left/dropped in the interior of his body." However, an abdominal ultrasound conducted on December 20, 2006, was negative.[2]

---

[1] Petitioner is now housed at Huttonsville Correctional Center.

[2] Petitioner also had a barium enema on January 19, 2007, and EKG's on August 7, 2008, June 10, 2009, and August 17, 2010. Petitioner asserts that all these tests are insufficient to determine whether a foreign object is present in his body.

1

Under petitioner's theory of the case, the other possibility was that "something was implanted intentionally in the Petitioner's body." The supplemental pleading continues as follows: "There are needle marks on both sides of the Petitioner's neck, and the Petitioner himself does not know of these needle marks' origin. Nanodevices can be implanted by needle injection. Technology has come far."[3]

Prison officials filed a motion to dismiss. In an order entered October 19, 2011, the circuit court dismissed Mr. Brown's action ruling as follows:

\*　　　\*　　　\*

> In light of the following findings of fact and conclusions of law, the Court does not believe that the Petitioner has been denied his right to sufficient medical [treatment] at the Huttonsville Correctional Center. The Court cannot find any support for the allegation that the Petitioner's rights under the Eighth Amendment were violated by the deliberate indifference of medical staff at the Huttonsville Correctional Center. The medical staff at the Huttonsville Correctional Center examined the Petitioner on several occasions after receiving complaints from the Petitioner of vibrations inside his body. The medical staff ran a series of tests on the Petitioner to find the root of any vibrations. The medical staff could not find any medical reason for such complaints.
>
> The Petition and the Amended Petition allude to the fact that the medical staff may not have run every conceivable test to determine whether or not the Petitioner was suffering from the alleged vibrations. This Court finds that it is within the sound discretion of the medical staff at a correctional facility to determine what tests are reasonable in light of the circumstances of each inmate complaint. Disagreements between healthcare providers and the inmate over diagnosis and the course of treatment are not sufficient to maintain a deliberate indifference claim.[ [4] ]

---

[3] In supplemental pleadings, petitioner also asserted that if prison officials believed that petitioner has a mental disorder, they should have followed up on mental health referrals. In their response to petitioner's appeal, the respondent officials addressed the merits of this claim but also argue that the scope of psychiatric treatment and whether either petitioner or the psychologist failed to keep appointments were never part of the complaint in this Section 1983 action. Notwithstanding the parties' various arguments, however, this Court will resolve this issue on alternate grounds as will be discussed infra.

[4] As Dr. Proctor wrote in response to a letter by petitioner: "As you are quite aware, there is no test

Additionally, the Court notes that inmates are not entitled to unqualified access to healthcare. Treatment may be limited to what is medically necessary.

## WHETHER PETITIONER HAS EXHAUSTED ADMINISTRATIVE REMEDIES REGARDING MENTAL HEALTH REFERRALS

Petitioner asserts that if the respondent officials believed that petitioner has a mental disorder, they should have followed up on the mental health referrals. "The plain language of W. Va. Code § 25-1A-2(a) (2000) (Repl. Vol. 2004) directs that '[a]n inmate may not bring a civil action until the administrative remedies promulgated by the [correctional] facility have been exhausted[.]'" Syl. Pt. 3, *White v. Haines*, 217 W.Va. 414, 618 S.E.2d 423 (2005). Petitioner's counsel included two grievance forms in the appendix he filed. In the first grievance, petitioner wrote that "[he] advised the nurse that I had a vibration in my body that felt like a pager vibrating." In the second grievance, petitioner wrote, "I truly believe I was surgically implanted with some sort of microchip technology in my physical body during a surgery at CAMC Hospital in Charleston, West Virginia." There is no mention that the respondent officials should have followed up on the mental health referrals. Therefore, based upon the documents in the appendix petitioner's counsel filed, this Court finds that petitioner did not exhaust his administrative remedies regarding the issue of the mental health referrals. Accordingly, this Court concludes that petitioner "may not" raise this issue in the instant civil action.[5] *See* Syl. Pt. 3, *White*.

## WHETHER THE CIRCUIT COURT PROPERLY DISMISSED PETITIONER'S ACTION

Petitioner asserts that contrary to the circuit court's finding, the respondent officials never ran any kind of test to determine whether there was an object inside petitioner's body that could cause a vibration. When the respondent officials recite the tests that were conducted, petitioner asserts that EKG's, lab work, and barium enemas did not address his complaints. There was also the abdominal ultrasound which was negative.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). The abdominal ultrasound was conducted after petitioner's abdominal surgery. The fact that the abdominal ultrasound was negative would rule out the possibility that something was negligently left or dropped in the interior of petitioner's body during surgery. As for

---

for 'vibration,' and none was done. Most diagnoses are based on *clinical* information, especially when there is no test available (emphasis in original)."

[5] The circuit court did not address exhaustion of administrative remedies. However, "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).

petitioner's other theory that an electronic device was intentionally implanted in his body, after careful consideration, this Court finds that this is a frivolous claim. Therefore, this Court concludes that the circuit court did not err in granting the respondent officials' motion to dismiss petitioner's Section 1983 action.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Randolph County and affirm its October 19, 2011 order dismissing petitioner's action.

Affirmed.

**ISSUED:** January 25, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II