# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**February 22, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**Keith Wesley Johnson,**
**Plaintiff Below, Petitioner**

**vs.)   No. 11-1395** (Kanawha County 11-C-1340)

**Karen Townsend; Linda Perkins; Shawn Straughn;**
**Wexford Health Sources, Inc.; St. Mary's Correctional Center;**
**Melinda Sigler, Jack Stollings; and William Fox,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Keith Wesley Johnson, *pro se*, appeals the circuit court's August 25, 2011 order dismissing his civil complaint against various prison officials in their individual and official capacities. The State Respondents, by Billie Jo Streyle, their attorney, filed a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

As reflected by the circuit court's ordering dismissing his complaint,[2] petitioner sued a number of different prison officials "in their individual and official capacities." The circuit court described petitioner's claims as follows:

---

[1] The State Respondents include Karen Townsend, Shawn Straughn, St. Mary's Correctional Center, Melinda Sigler, Jack Stollings, and William Fox.

[2] On appeal, no appendix was filed. *See* Rev. R.A.P. 6(c) ("All parties to the case are responsible for determining the contents of the appendix, and the petitioner is responsible for preparing and filing the appendix as set forth in Rule 7."). Petitioner did submit a copy of the circuit court's order with his notice of intent to appeal. This Court has caused a copy of the case information sheet and petitioner's complaint (with attachments) to be transmitted to it by the circuit clerk.

1

. . . Plaintiff[3] alleges that Defendant Sigler disclosed personal medical information and when Plaintiff grieved,[4] Defendant Stollings and Fox failed to properly investigate such claim. Further, Plaintiff claims that Defendant Perkins and Defendant Wexford Health were both negligent in their care of Plaintiff.[5] Lastly, Plaintiff states that Defendant Straughn provided false information under oath.[6]

Petitioner sought $1,000,000 in compensatory damages, $2,000,000, in punitive damages, and $200,000 in nominal damages.[7]

The circuit court reviewed petitioner's complaint before issuance of process and dismissed it as frivolous in accordance with the West Virginia Prisoner Litigation Reform Act, West Virginia Code §§ 25-1A-1, *et seq.*[8]

---

[3] Petitioner was an inmate at the St. Mary's Correctional Center at the time of the alleged incidents. Subsequently, petitioner was transferred to the Northern Correctional Facility. He has now been discharged from custody.

[4] From a review of the documents attached to petitioner's complaint, he exhausted his administrative remedies at least with respect to his allegation that Officer Sigler improperly disclosed personal medical information. *See* Syl. Pt. 3, *White v. Haines*, 217 W.Va. 414, 618 S.E.2d 423 (2005) ("The plain language of W. Va. Code § 25-1A-2(a) (2000) (Repl.Vol.2004) directs that '[a]n inmate may not bring a civil action until the administrative remedies promulgated by the [correctional] facility have been exhausted[.]'").

[5] According to petitioner's complaint, Wexford Health and its employee Ms. Perkins are independent contractors charged with providing inmates with medical care. Wexford Health and Ms. Perkins have not responded to petitioner's appeal.

[6] The one claim the circuit court did not specifically mention was against Respondent Townsend. It is petitioner's opinion that Respondent Townsend is unqualified to serve as law librarian.

[7] According to the brief of the State Respondents, the amount of damages petitioner sought significantly exceeded the limits of the State's insurance policy. *See* Syl. Pt. 2, *Pittsburgh Elevator Co. v. West Virginia Board of Regents*, 172 W.Va. 743, 310 S.E.2d 675 (1983) ("Suits which seek no recovery from state funds, but rather allege that recovery is sought under and up to the limits of the State's liability insurance coverage, fall outside the traditional constitutional bar to suits against the State."). The State Respondents raise this issue, and other additional issues, to support the dismissal of petitioner's complaint. However, this Court declines to address these issues because petitioner's appeal can be resolved on the issue that the circuit court decided, the frivolity of his claims.

[8] West Virginia Code § 25-1A-4 provides in pertinent part as follows:

(a) The court shall, prior to issuance of process, review the

2

On appeal, petitioner argues his claims are not frivolous and that the circuit court should be reversed and the case remanded for a trial by jury. The State Respondents argue that the circuit court properly dismissed petitioner's complaint pursuant to §§ 25-1A-1, *et seq.*

The circuit court's dismissal of petitioner's civil complaint is reviewed *de novo. See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*"). Documents attached to petitioner's complaint can be properly considered in conducting this review. *See* Syl. Pt. 1, *Forshey v. Jackson,* 222 W.Va. 743, 671 S.E.2d 748 (2008) ("A circuit court ruling on a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure may properly consider exhibits attached to the complaint without converting the motion to a Rule 56 motion for summary judgment.").

The most potentially serious of petitioner's claims is his allegation that Officer Sigler disclosed his personal medical information causing other inmates to say that he was positive for HIV, AIDS, and hepatitis. Contrary to his assertions, however, one of the attachments to petitioner's complaint indicates that Unit Manager Stollings properly investigated the claim. In his typed-written response to petitioner's grievance, Unit Manager Stollings stated that he had spoken to both Officer Sigler and Nurse Perkins. Unit Manager Stollings ends his response by stating that "[Officer] Sigler also stated she has not spoke[n] to any staff or inmates concerning your health."

Legal principles also argue in favor of affirming the circuit court's order dismissing petitioner's complaint. It is well-established that prison officials are afforded deference in their management of prisons in that "evaluation of penological objectives is committed to the considered judgment of prison administrators." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282, 290 (1987). This deferential approach is necessary because it is prison officials who have to "anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." *Id.* (internal quotations and citations omitted).[9]

---

complaint, petition or other initial pleading to determine whether a civil action is frivolous or malicious as defined in subsection (b) of this section and fails to state a claim for which relief can be granted or seeks monetary relief from a party who is immune from such relief. If the complaint, petition or other initial pleading is frivolous or malicious, fails to state a claim for which relief can be granted or seeks monetary relief from a party who is immune from such relief, the court shall not issue process and shall dismiss the case.

(b) A civil action is frivolous or malicious if it:

(1) Has no arguable basis in fact or law[.]

[9] Another of petitioner's specific allegations relates to medical care he claims was inadequate. *But see United States v. DeCologero,* 821 F.2d 39, 42 (1st Cir. 1987) ("[Al]though it is plain that an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with

Therefore, after careful consideration of petitioner's complaint, together with the documents attached to it, this Court concludes that the circuit court did not err in dismissing it.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm its August 25, 2011 order dismissing petitioner's complaint.

Affirmed.

**ISSUED:** February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

the most sophisticated care that money can buy.") (emphasis in original).