# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roundtree Goodman,**
**Petitioner Below, Petitioner**

**vs)  No. 16-1207** (Marshall County 11-C-57)

**James Rubenstein, Commissioner**
**West Virginia Division of Corrections,**
**Respondent Below, Respondent**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Roundtree Goodman, by counsel Scott C. Brown, appeals the Circuit Court of Marshall County's November 28, 2016, order dismissing his petition for writ of habeas corpus. Respondent James Rubenstein, Commissioner, by counsel John H. Boothroyd, filed a response. On appeal, petitioner argues that the circuit court erred in dismissing his request for habeas relief on the ground that it lacked jurisdiction to consider the petition and in concluding that petitioner failed to exhaust his administrative remedies.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 7, 2011, petitioner filed a pro se petition for writ of habeas corpus ("petition"). The petition set forth at the outset that it was "not presented against the [p]etitioner's 1979 [c]riminal [c]onviction." Rather, petitioner alleged that he was receiving inadequate mental health care and sought to have certain disciplinary actions expunged from his record.

On April 29, 2011, respondent filed a "Motion for Judicial Review of Initial Pleading and Motion to Dismiss," requesting that the circuit court screen and review petitioner's petition to determine whether dismissal under the West Virginia Prisoner Litigation Reform Act ("WVPLRA") was required. Alternatively, respondent moved to dismiss the petition pursuant to Rules 12(b)(6) and 56 of the West Virginia Rules of Civil Procedure.

The circuit court held a hearing on respondent's motion. By order entered on November 28, 2016, the circuit court dismissed petitioner's petition upon finding that it lacked jurisdiction to consider the petition due to petitioner's failure to comply with the presuit notice requirements of West Virginia Code § 55-17-3, that petitioner failed to exhaust his administrative remedies under the WVPLRA, and that petitioner's claims regarding his mental health treatment and

1

prison disciplinary convictions had already been addressed. It is from this order that petitioner appeals.

Petitioner argues on appeal that the circuit court erred in concluding that it lacked jurisdiction to consider his petition. Petitioner states that petitions for writs of habeas corpus are not subject to the presuit notice requirements set forth in West Virginia Code § 55-17-3. Petitioner further contends that he exhausted his administrative remedies. Petitioner asserts that he filed grievances while incarcerated at Mt. Olive Correctional Complex ("Mt. Olive"), that his "mental health treatment continued to be woefully deficient" after he was transferred back to Northern Regional Jail ("Northern"), and that he was, therefore, not required to exhaust all administrative remedies at Northern prior to filing his petition. Petitioner also filed grievances at Northern, but they were filed after he initiated the instant lawsuit.[1]

This Court's review of an order granting a motion to dismiss is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

The WVPLRA defines "civil action" as

> any action or appeal from an action filed by any current or former inmate or his or her personal representative with respect to conditions of confinement, including, but not limited to, petitions for extraordinary writs, civil actions under 42 U.S.C. § 1983 and other federal and state laws and negligence actions. Actions that exclusively concern an inmate's sentence or conviction are not subject to the requirements of this article.

W.Va. Code § 25-1A-1. At the time petitioner filed his petition, the WVPLRA provided that "[a]n inmate may not bring a civil action until the administrative remedies promulgated by the facility have been exhausted[.]"[2] *Id.* at § 25-1A-2(a) (2000). Petitioner argues that he exhausted his remedies by filing grievances at Mt. Olive and by filing grievances at Northern after he filed this petition. These arguments, however, were rejected in *White v. Haines*, 217 W.Va. 414, 618 S.E.2d 423 (2005). In *White*, we found that the plain language of the WVPLRA requires that "before an inmate may bring a civil action challenging the conditions of his/her confinement, he/she must first exhaust the administrative remedies provided by the correctional facility in which he/she is housed." *Id.* at 422, 618 S.E.2d at 431. We stated that "in order for Mr. White to be permitted to file a civil cause of action to seek redress for the allegedly inadequate medical care he has received at Northern, he must first exhaust the administrative remedies provided by Northern and demonstrate that he has done so." *Id.* at 423, 618 S.E.2d at 432. Here, too, petitioner must exhaust his administrative remedies at Northern prior to filing a civil cause of action seeking redress. The grievances filed at Mt. Olive will not suffice.

---

[1]Petitioner's arguments on appeal concern the circuit court's dismissal of his mental health treatment claims only. He does not contest the dismissal of the portion of his suit seeking expungement of his prison disciplinary actions.

[2]This section of the WVPLRA was amended in 2013; accordingly, we quote the statute as it appeared at the time petitioner filed his petition.

Petitioner's filing of grievances following the initiation of the instant lawsuit will also not suffice. In *White*, we found Mr. White's filing of his suit prior to the denial of his second grievance to be "not fatal" to his suit only "because Mr. White had already exhausted his administrative remedies once before he filed his Marshall County action[.]" *Id.* at 424, 618 S.E.2d at 433. We detailed that Mr. White filed a grievance, which was denied by the Commissioner of Corrections over one month before he filed his complaint. *Id.* We further found that West Virginia Code § 25-1A-2(a) "requires only that 'the administrative remedies promulgated by the facility have been exhausted,' not that such remedies be *twice* exhausted." *Id.* Here, though, petitioner filed his lawsuit before he filed his grievances at Northern and before receiving any ruling on those grievances. Accordingly, because petitioner failed to exhaust his administrative remedies, we find no error in the circuit court's dismissal of petitioner's petition. Finally, because we find that dismissal was proper on this ground, we need not consider petitioner's arguments concerning the presuit notice requirements of West Virginia Code § 55-17-3.

For the foregoing reasons, we affirm the circuit court's November 28, 2016, order dismissing petitioner's petition.

Affirmed.

**ISSUED:** October 23, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3