**FILED**

**June 24, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Aron Freeland,**
**Petitioner below, Petitioner**

**v.) No. 24-761** (Marshall County CC-25-2024-P-45)

**David Kelly, Commissioner,**
**West Virginia Division of**
**Corrections and Rehabilitation,**
**Respondent below, Respondent**

## MEMORANDUM DECISION

Petitioner Aron Freeland appeals the November 16, 2024, order of the Circuit Court of Marshall County dismissing his petition for a writ of habeas corpus regarding the terms and conditions of his confinement.[1] The petitioner argues that he should be afforded a hearing to show why Division of Corrections and Rehabilitation ("DCR") Policy Directive 400.03, which provides, in pertinent part, that an inmate can have no more than two inches of personal legal paperwork regarding active cases in his cell, is unconstitutional as applied to him. The circuit court dismissed the habeas petition, finding that the petitioner failed to exhaust his administrative remedies. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate.[2] *See* W. Va. R. App. P. 21(c).

---

[1] The petitioner is currently self-represented. However, the petitioner's brief was filed by attorney Martin P. Sheehan. This Court granted Mr. Sheehan's motion to withdraw as the petitioner's counsel by order entered on January 20, 2026. Because a new Commissioner of the West Virginia Division of Corrections and Rehabilitation took office while this appeal was pending, his name has been substituted as the respondent. The respondent is represented by Attorney General John B. McCuskey and Assistant Attorney General Jonathan M. Calhoun. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] Having determined that the failure to exhaust administrative remedies constitutes a sufficient basis on which to affirm the dismissal of the habeas petition, we do not address the circuit court's alternative ruling that the petitioner may not bring this claim in a habeas proceeding because release from incarceration would not constitute an appropriate remedy.

1

The petitioner is an incarcerated individual in the respondent's custody. The petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Marshall County[3] challenging DCR Policy Directive 400.03, which provides, in pertinent part, that an inmate may have no more than two inches of personal legal paperwork regarding active cases in his cell. As the respondent points out, in addition to personal property a prisoner is permitted to retain inside his cell, DCR Policy Directive 400.03 allows a prisoner to possess property capable of fitting into two locker boxes provided by the respondent, and which respondent stores outside of the prisoner's cell. Therefore, this case involves only the petitioner's demand to keep more of his personal legal paperwork with him instead of having it held in a locker box, in storage. In response to the habeas petition, the respondent filed a motion to dismiss. The circuit court granted the respondent's motion and dismissed the habeas petition, finding that the petitioner failed to exhaust his administrative remedies as required by the West Virginia Prisoner Litigation Reform Act ("PLRA"), West Virginia Code §§ 25-1A-1 to 25-1A-9.

Because the petitioner appeals the dismissal of a habeas petition, we employ the standard of review set forth in Syllabus Point 1 of *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006):

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

While the petitioner appeals the circuit court's order, he fails to address the court's finding that he did not exhaust his administrative remedies. The petitioner includes in his appendix a grievance form in which he asserts that prison officials did not return paperwork to him, notarized, so that he could include the paperwork in a filing with this Court. On its face, the grievance does not relate to the provision of DCR Policy Directive 400.03 the petitioner challenges on appeal, that is, the prohibition on having more than two inches of personal legal paperwork regarding active cases in a prisoner's cell. Additionally, the grievance form indicates that the petitioner failed to complete the grievance process, which includes an appeal to the respondent.

The respondent argues that, due to the petitioner's failure to exhaust administrative remedies, the circuit court properly dismissed the habeas petition pursuant to the PLRA. We agree. In Syllabus Point 3 of *White v. Haines*, 217 W. Va. 414, 618 S.E.2d 423 (2005), we held that West Virginia Code § 25-1A-2 generally requires an inmate to exhaust his administrative remedies prior to filing a civil action.[4] As it presently reads, West Virginia Code § 25-1A-2(c) provides that "[a]n inmate may not bring a civil action regarding an ordinary administrative remedy until the

---

[3] During the pendency of the petitioner's habeas action in the circuit court, the respondent housed the petitioner at Northern Correctional Facility and Jail, which is located in Marshall County.

[4] Pursuant to West Virginia Code § 25-1A-1(a), a "civil action" includes "petitions for extraordinary writs" regarding "conditions of confinement."

procedures promulgated by the agency have been exhausted." West Virginia Code § 25-1A-2(a) defines "ordinary administrative remedy" as the seeking of redress through the prison grievance system about "any . . . aspect of prison life which does not involve violence, sexual assault or sexual abuse against an inmate." Because the petitioner's complaint is about the retention of legal materials in his cell and not alleged exposure to violence and/or sexual assault or abuse, West Virginia Code § 25-1A-2(c) requires him to exhaust his administrative remedies. Assuming arguendo that the grievance in the record was somehow related to the petitioner's demand to keep more of his personal legal paperwork with him, he failed to exhaust administrative remedies as he did not fully appeal the denial of the grievance and "receive[ ] a final decision from the [DCR] Commissioner . . . or the Commissioner's designee[.]" *Id.* § 25-1A-2(d). Therefore, we conclude that the circuit court did not err in dismissing the petitioner's habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan