STATE OF WEST VIRGINIA

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Keith William DeBlasio, Patricia A. Dilts, and
Alan J. Dilts, Defendants Below, Petitioners**

**vs.)   Nos. 12-0652, 12-0686, and 12-0693** (Morgan County 11-C-31)

**Cold Spring Forest Sec. 1 Homeowners
Association, Inc., a West Virginia corporation and
Estel Donald Lambert Jr., Plaintiffs Below,
Respondents**

## MEMORANDUM DECISION

In the first of these consolidated appeals, Petitioner Keith William DeBlasio, *pro se*, appeals a final order of the Circuit Court of Morgan County, entered May 7, 2012, dismissing him as a defendant after finding that he was improperly joined as a party. In the other appeals, Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts each appeal the same final order that, with respect to them, awarded summary judgment and, as a sanction, default judgment to Respondent Cold Spring Forest Sec. 1 Homeowners Association, Inc. Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts also each appeal the circuit court's May 25, 2012 order that denied their motions for reconsideration. Respondents Cold Spring Forest Sec. 1 Homeowners Association, Inc. and Estel Donald Lambert Jr., its president (collectively "respondents"), by counsel George I. McVey and Joanna L-S Robinson, filed separate responses in each petitioner's appeal.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner DeBlasio is the stepson of Petitioner Alan J. Dilts and the son of Petitioner Patricia A. Dilts. Petitioners have ownership interests in two lots in their subdivision and have been engaged in various disputes with their homeowners association, Respondent Cold Spring Forest Sec. 1 Homeowners Association, Inc. ("respondent association"). In the case now on appeal, the respondent association sued Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts for damage caused to the graveled subdivision road in the amount $425 and for $200 in assessment fees for the 2011 annual road assessment.

-1-

In their answers, the Diltses attempted to assert a third party complaint against Respondent Lambert alleging that he was responsible for excessive gravel loss, trespassed on their property, dumped snow and gravel onto their landscape, and struck Petitioner Alan J. Dilts. The Diltses also alleged that Respondent Lambert was guilty of harassing Petitioner Patricia A. Dilts. The Diltses attempted to assert a third party complaint against Nathan Brashears who, according the respondent association's complaint, damaged the gravel subdivision road while acting on behalf of the Diltses or their tenant Petitioner DeBlasio.[1]

On November 8, 2011, the circuit court joined Petitioner DeBlasio as an additional defendant based upon a motion for joinder filed by Petitioner Patricia A. Dilts. Petitioner DeBlasio then asserted a third party complaint against Respondent Lambert alleging that he was responsible for the damage to the subdivision road, although it was unclear whether it was alleged that Respondent Lambert was responsible for the damage as an individual or as an agent of the respondent association.

Petitioners appeared, *pro se*, and respondents appeared, by counsel, for a hearing on April 27, 2012. Although the hearing was a pretrial hearing, with trial set for May 9, 2012, the circuit court concluded the hearing by instructing the parties to submit proposed findings of fact and conclusions of law "with regard to today's proceedings." When Petitioner Patricia A. Dilts asked if the circuit court was going to make certain findings before the trial would commence, the court answered as follows: "Yes, ma'am. . . . I'm going to make findings of fact and conclusions [of law]." Petitioner DeBlasio and Petitioner Patricia A. Dilts each submitted proposed orders to dismiss the case on May 1, 2012. On May 3, 2012, the respondent association submitted proposed findings of fact and conclusions of law. The following day, the respondent association filed a motion for summary judgment.

The circuit court entered its final order retiring the case from its active docket on May 7, 2012. The circuit court determined that the case was "ripe for adjudication." With respect to Petitioner DeBlasio, the circuit court found that he was improperly joined ruling that "[Petitioner] DeBlasio is dismissed from this case along with any and all remaining claims and motions brought by [Petitioner] DeBlasio."[2]

With respect to respondent's claim that Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts owed $200 for the 2011 annual road assessment, the circuit court ruled that "summary judgment must be granted for [respondent] for its claims for overdue assessment fees."[3] The circuit court specifically found that respondent had both authority to collect the fees under the

---

[1] Petitioner DeBlasio first had an ownership interest in a lot within the subdivision from 2001 to 2003. From July 2, 2010, Petitioner DeBlasio has had a diminutive fee simple interest in the family's two lots.

[2] The circuit court indicated that it was dismissing Petitioner DeBlasio on its own initiative pursuant to Rule 21 of the West Virginia Rules of Civil Procedure.

[3] The circuit court indicated that it was granting summary judgment *sua sponte*, citing Syllabus Point Four, *Southern Erectors, Inc. v. Olga Coal Co.*, 159 W.Va. 385, 223 S.E.2d 46 (1976).

Declaration of Covenants and Restrictions and the standing to sue for them. The circuit court also noted that the respondent association is in good standing with the West Virginia Secretary of State and found that contrary to Petitioners' arguments, there was no cause to dissolve the respondent association pursuant to West Virginia Code § 31E-13-1330.

The circuit court also granted the respondent association summary judgment on the Diltses's counterclaim that it has failed to repay or credit any surplus funds remaining after payment of or provision for common expenses. The circuit court ruled that any such claim "is wholly without merit."[4]

The circuit court dismissed Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts's third party complaints against Respondent Lambert and Mr. Brashears. With respect to Respondent Lambert, the circuit court found that service of the Dilts's third party complaint against him "was never completed." With respect to Mr. Brashears, the circuit court found that there is "no evidence that service was attempted" and that "this claim appears to have been all but forgotten by [Petitioners] Alan and Patricia Dilts, as well as [Petitioner] DeBlasio."

Also, the circuit court granted the respondent association default judgment, on its claim that Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts owed $425 for damage caused to the graveled subdivision road, as a sanction against the Diltses's "continued and serious misconduct." Among the misconduct, the circuit court noted, were the following: (1) asserting frivolous claims; (2) making factual denials that lacked evidentiary support; (3) subpoenaing large numbers of people unrelated to the litigation; (4) filing ethics complaints against respondents' counsel; (5) attempting to create conflicts of interest; (6) manipulating procedure to join Petitioner DeBlasio so that he could act as their "attorney"; and (7) willfully deceiving the court.

Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts filed motions for reconsideration that the circuit court denied in an order entered May 25, 2012. The circuit court found that the Diltses advanced claims and/or factual allegations that it had already addressed. The circuit court specifically referenced Petitioner Alan J. Dilts's allegation that he, Alan J. Dilts, was not provided an interpreter,[5] but found that it was among the issues it had previously addressed. The circuit court also noted Petitioner Patricia A. Dilts's claim that ethics complaints were not filed against

---

[4] The circuit court also noted that it would not address the issue of invalidated mechanic's liens because the doctrine of res judicata barred "any claims for alleged damages." In related cases, Petitioners contended that the mechanic's liens were actually fraudulent common law liens. However, the circuit court determined the liens involved were mechanic's liens finding that "the lien[s] . . . [are] statutory in nature despite the manner in which the County Clerk recorded [the liens] or what the Clerk may have told [Petitioner] DeBlasio." Petitioners appealed two orders of the circuit court in those cases, including its ruling that the liens were mechanic's liens; however, because the liens at issue were invalidated, petitioners' appeals were dismissed as moot. *See In Re: A Purported Lien or Claim Against Patricia Ann DeBlasio Dilts*, Nos. 11-1523 and 12-0223, 2013 WL 1707695 (W.Va. Supreme Court, April 19, 2013). Therefore, the circuit court's classification of the liens as mechanic's liens has now become final.

[5] Petitioner Alan J. Dilts is deaf.

*both* of respondents' attorneys, but stated that "this Court took into account a litany of [Petitioners]'s wrongdoings in coming to its decision to impose partial default judgment as a sanction."

In his appeal, Petitioner DeBlasio appeals the final order. In their appeals, Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts appeal both the final order and the subsequent denial of their motions for reconsideration. All three petitioners make numerous assignments of error.

## PETITIONERS' OBJECTION TO GEORGE I. MCVEY AND HIS LAW FIRM'S REPRESENTATION OF RESPONDENT

Petitioner DeBlasio and Petitioner Patricia A. Dilts raise this issue. Respondents argue that the circuit court properly allowed their choice of legal representation. This issue was addressed in a related case between Petitioner DeBlasio and respondents. In that case, in affirming the circuit court, this Court concluded, inter alia, that "the circuit court did not err in overruling [Petitioner] DeBlasio's objection to [respondents'] legal representation." *DeBlasio v. Stone*, Nos. 11-1152 and 11-1153, 2012 WL 6097653, at *4 (W.Va. Supreme Court, December 7, 2012) (memorandum decision). Because this issue has been previously adjudicated, this Court concludes that it is without merit.[6]

## INTERPRETING SERVICES PROVIDED TO PETITIONER ALAN J. DILTS

All three petitioners raise this issue. Petitioners note that Petitioner Alan J. Dilts was not provided with an interpreter at the November 30, 2011 hearing. They also argue that he should have had an interpreter for proceedings outside of the courtroom that were connected to the litigation. Respondents argue the circuit court's rulings on this issue were proper. A proper request for an interpreter was not made with respect to the November 30, 2011 hearing. The transcript of that hearing has been reviewed. Petitioner Alan J. Dilts was not prejudiced by not having an interpreter. There was a discussion about when and where an interpreter should be provided to him. Following the November 30, 2011 hearing, an interpreter was appointed for Petitioner Alan J. Dilts. The interpreter was in attendance when Petitioner Alan J. Dilts's wife was deposed on January 17, 2012. Petitioner Alan J. Dilts himself was not deposed. After careful consideration, this Court concludes that the circuit court properly addressed this issue once it was made aware of it.[7]

## CIRCUIT COURT'S SANCTIONING OF

---

[6] To the extent that there is a separate issue with respect to counsel's representation of both the respondent association and its president, Respondent Lambert, that issue is addressed in the final order where the circuit court discusses whether default judgment should be entered as a sanction against Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts.

[7] Petitioner Alan J. Dilts further argues that he should have been provided with an attorney to represent his interests. However, in purely civil matters, "we ordinarily do not appoint counsel for, or direct that counsel should be appointed for, pro se litigants." *White v. Haines*, 217 W.Va. 414, 423, 618 S.E.2d 423, 432 (2005).

<u>PETITIONER PATRICIA A. DILTS AT THE NOVEMBER 30, 2011 HEARING</u>

Petitioner Patricia A. Dilts raises this issue. At the November 30, 2011 hearing, the circuit court sanctioned Petitioner Patricia A. Dilts in the amount of $978.70 for not appearing for her deposition that was noticed for September 22, 2011. Petitioner Patricia A. Dilts argues that the circuit court should not have sanctioned her. Respondents argue that Petitioner Patricia A. Dilts was properly sanctioned for not attending the deposition. At the hearing, respondents asked for approximately $4,130 in attorney's fees and costs for the non-attendance. However, the circuit court declined to award expenses for Respondent Lambert's attendance at the deposition because he did not need to be there. The circuit court also reduced the attorney's fees to $800 because much of the preparation would have needed to have been done anyway. Therefore, the circuit court awarded a total of $978.70, the attorney's fees plus fees for the court reporter. "An attorney's fee awarded as a sanction that explicitly is authorized by Rule 37(b) of the West Virginia Rules of Civil Procedure rests in the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." Syl. Pt. 4, *Bartles v. Hinkle,* 196 W.Va. 381, 472 S.E.2d 827 (1996). After careful consideration, this Court concludes that the circuit court did not abuse its discretion in sanctioning Petitioner Patricia A. Dilts in the amount of $978.70.

<u>CIRCUIT COURT'S DENIAL OF MOTIONS FOR RECONSIDERATION</u>

Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts appeal the denial of their motions for reconsideration. Respondents argue that the circuit court properly denied the Diltses's motions. The circuit court found that the motions were timely filed under Rule 59(e) of the West Virginia Rules of Civil Procedure. Rule 59(e) "provides the procedure for a party who seeks to change or revise a judgment entered as a result of a motion to dismiss or a motion for summary judgment." Syl. Pt. 4, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995). Because summary judgment is reviewed de novo, we review the Diltses's Rule 59(e) motions under that standard. *See* Syl. Pt. 1, *Wickland v. American Travellers Life Insurance Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998). However, even under plenary review, it is clear that the motions lack merit. As noted by the circuit court, both motions advanced claims and/or factual allegations that it had already addressed. Therefore, after careful consideration, this Court concludes that the circuit court did not err in denying Petitioner Alan J. Dilts and Petitioner Patricia A. Dilt's motions for reconsideration.

With respect to all other non-frivolous issues raised,[8] we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in these consolidated appeals. The Clerk is directed to attach a copy of the circuit court's final order to this memorandum decision.

For the foregoing reasons, we find no error in the decisions of the Circuit Court of Morgan County. We affirm both the circuit court's May 7, 2012 final order and its May 25, 2011 order denying Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts's motions for reconsideration.

---

[8] Some of Petitioners' assignments of error are wholly frivolous and, therefore, do not merit any discussion.

Affirmed.

**ISSUED:** July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**