**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Clifton Dent,**
**Petitioner Below, Petitioner**

**vs.)   No. 21-0680** (Ohio County 20-C-116)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Clifton Dent appeals the August 19, 2021, amended order of the Circuit Court of Ohio County denying his third amended petition for a writ of habeas corpus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

In 2017, petitioner severely beat a seventy-two-year-old female victim and stole her vehicle. Petitioner was indicted in the Circuit Court of Ohio County for first-degree robbery and two counts of malicious assault. Petitioner underwent an evaluation to determine his criminal responsibility and competency to stand trial. The evaluator found that petitioner had the capacity to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of the law. The evaluator further opined that petitioner was competent to stand trial.

Thereafter, petitioner, pursuant to Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987),[2] agreed to plead guilty to first-degree robbery and one count of unlawful

---

[1]Petitioner is self-represented. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, appears by counsel Patrick Morrisey and Lara K. Bissett.

[2]Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, (continued . . .)

1

assault as a lesser included offense of malicious assault. In exchange, the State agreed to dismiss the other count of malicious assault. In the plea agreement, petitioner acknowledged that the penalty for first-degree robbery was not less than ten years of incarceration and that the sentence for unlawful assault was one to five years of incarceration. The circuit court sentenced petitioner to ninety years of incarceration for first-degree robbery and one to five years of incarceration for unlawful assault.[3]

In *State v. Dent*, No. 18-0971, 2019 WL 5092951 (W. Va. Oct. 11, 2019) (memorandum decision), petitioner challenged his ninety-year sentence for first-degree robbery as unconstitutionally disproportionate to the offense. *Id.* at *3. This Court rejected petitioner's argument and affirmed the circuit court's order sentencing him to ninety years of incarceration for first-degree robbery. *Id.* at *3-5.

On June 1, 2020, petitioner filed in the circuit court a petition for a writ of habeas corpus. The circuit court appointed habeas counsel who, with leave from the court, filed an amended habeas petition, a second amended habeas petition, and a third amended habeas petition. Under the first and second grounds for relief set forth in his third amended petition, petitioner argued that he (1) entered his guilty pleas involuntarily and (2) received a severer sentence than he expected because he assumed that, if he pleaded guilty, he would receive a sentence of forty years of incarceration for his first-degree robbery conviction. Under a third ground for habeas relief, petitioner argued that the ninety-year sentence for first-degree robbery was unconstitutionally disproportionate.[4]

The circuit court, by order originally entered on April 23, 2021, rejected petitioner's first and second grounds for habeas relief as without merit based upon his plea hearing testimony,

---

knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

[3] When the circuit court accepted petitioner's *Kennedy* plea, it imposed petitioner's one-to-five year sentence for unlawful assault but delayed his sentencing for first-degree robbery to allow for the preparation of a presentence investigation report. *See State v. Dent*, No. 18-0971, 2019 WL 5092951, at *2 (W. Va. Oct. 11, 2019) (memorandum decision). The circuit court subsequently ordered petitioner to serve his ninety-year sentence for first-degree robbery consecutive to his one-to-five year sentence for unlawful assault. *Id.* at *3.

[4] Under a fourth ground for relief set forth in his third amended habeas petition, petitioner raised an issue regarding the terms and conditions of his confinement in requesting a transfer to a mental health facility. In its August 19, 2021, amended order denying petitioner's third amended habeas petition, the circuit court found that petitioner's request for a transfer was not properly made. On appeal, petitioner concedes, and we agree, that he failed to exhaust his administrative remedies with regard to his request for a transfer to a mental health facility as required by Syllabus Point 3 of *White v. Haines*, 217 W. Va. 414, 618 S.E.2d 423 (2005).

during which he affirmed that "he understood the terms of the plea agreement," and "he understood [that] the [c]ourt could impose whatever sentence it felt was appropriate." The circuit court further found that petitioner's claim that his ninety-year sentence for first-degree robbery was unconstitutionally disproportionate was rejected by this Court in *Dent*. Accordingly, the circuit court found that no evidentiary hearing was necessary and denied petitioner's third amended habeas petition. On August 19, 2021, the circuit court reentered its order denying the third amended habeas petition as an amended order.[5]

Petitioner now appeals the circuit court's August 19, 2021, amended order denying his third amended habeas petition. We review a circuit court's order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

We have further held that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights, and when such knowing and intelligent waiver is conclusively demonstrated on the record, the matter is *res judicata* in subsequent actions in *habeas corpus*." Syl. Pt. 2, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975); *see State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) (stating that, "in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences") (footnote omitted).

On appeal, petitioner argues that the circuit court erred in denying the third amended habeas petition without a hearing. Respondent counters that the circuit court properly denied habeas relief. We agree with respondent.

---

[5]In its August 19, 2021, amended order denying petitioner's third amended habeas petition, the circuit court added to its directive to the clerk to send petitioner a copy of the order by providing his address at Mt. Olive Correctional Complex.

In finding that petitioner's claims—that he entered his guilty pleas involuntarily and received a severer sentence than he expected—were without merit, the circuit court relied upon the plea hearing transcript, which is not in the appellate record. Based upon our review of the extensive excerpts of the plea hearing transcript included in the circuit court's August 19, 2021, amended order, we concur in its finding that petitioner voluntarily entered his guilty pleas, as he understood the terms of the plea agreement and acknowledged that the circuit court could exercise reasonable discretion in sentencing him. We note that, pursuant to Syllabus Point 2 of *State v. Cheshire*, 170 W. Va. 218, 292 S.E.2d 628 (1982), the test for mental competency to plead guilty is the same as the test for mental competency to stand trial, and, in this case, petitioner was found to be competent.

With regard to petitioner's claim that his ninety-year sentence for first-degree robbery was unconstitutionally disproportionate, we find that the doctrine of res judicata barred that claim based upon our rejection of it in *Dent*. Therefore, we conclude that the circuit court properly found that an evidentiary hearing was unnecessary and denied petitioner's third amended habeas petition.[6]

For the foregoing reasons, we affirm the circuit court's August 19, 2021, amended order denying petitioner's third amended petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[6]Petitioner argues that his habeas claims were so lacking in merit that this is the extremely rare case in which this Court could find that habeas counsel provided ineffective assistance in the same case that is under appeal. As petitioner concedes, we have stated that "the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising the issue in the court below." *Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (internal quotations and citations omitted). Therefore, we decline to consider petitioner's claims of ineffective assistance against his habeas counsel in this appeal.